OREGON SCHOOL EMPLOYEES
ASSOCIATION, CHAPTER 58,
*Petitioner,*

*v.*

LAKE COUNTY SCHOOL DISTRICT,
*Respondent.*

(C-202-83; CA A35938)

726 P2d 955

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Stanley Jones, Klamath Falls, argued the cause for respondent. With him on the brief was Giacomini, Jones & Associates, Klamath Falls.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Petitioner seeks review of an order of the Employment Relations Board (ERB) which dismissed its unfair labor practice complaint against respondent (District). We reverse and remand.

Petitioner represents a bargaining unit of District's classified employes. It included two secretarial employes, Merrill and Steward. They worked in the office under the direct supervision of Crawford, a school principal. Beginning in September, 1982, rumors circulated that Crawford was involved in an extra-marital affair with another district employe in his office. Crawford believed that Merrill and Steward were participating in circulating the rumors. Crawford had kept a "problem" file in his office for about ten years. It contained notes on areas of concern to him. When he heard the rumors, he met with the district superintendant, Diamond. Crawford's notes for that date state that "[Diamond] said keep notes and keep him posted."

Crawford kept extensive notes about the two employes. There are 90 pages, which cover a period of nearly eight months, give particular dates, detail the interrelationships of Merrill, Steward, Crawford and the person with whom Crawford was rumored to be having an affair and give his descriptions of how Merrill and Steward's behavior disrupted the office. Crawford placed the notes in the "problem" file.

On April 20, 1983, Crawford notified Merrill and Steward by letter that he would not recommend their reemployment for the 1983-84 year. The letter stated:

> "[Y]ou have wrongfully accused and perpetuated false accusations in and outside the district regarding an extra-marital affair between me and the special education secretary. This has caused a disruption of routine office procedures and has created severe personnel problems. As a result, I have had to serve as a buffer between and among the clerical staff.
>
> "* * * * *
>
> "Due to the situation described above, my effectiveness as building principal has been impaired. I have had to reallocate my time to divert my attention from other priorities. Further, and of extreme importance, I have been deterred from meeting many other obligations and responsibilities and attending to

the needs of the other fifty-two employes under my supervision.

"Despite my efforts and direction to resolve this matter, it has become detrimental to the welfare of this organization. As your supervisor, I no longer have your loyalty. I cannot place the trust in you needed to maintain the working relationship required to fulfill the responsibilities of my office. Therefore, I am recommending that you not be re-employed [sic] for the 1983-84 school year."

Although both Merrill and Steward denied the charges, they waived pre-termination hearings and were discharged.

In October, 1983, petitioner filed the unfair labor practice complaint. It charged that District had violated Article III of the collective bargaining agreement and ORS 243.672(1)(g).[1] Article III provides:

"1.    The personnel records of any employee in the bargaining unit shall be maintained in the District's personnel office. Such personnel records shall not contain any information of a critical nature that does not bear the employee's signature or initials indicating that the employee has been shown the material. An employee shall have the right to attach a written statement of explanation to any material which the employee believes to be incorrect. If the employee refuses to sign or initial such statements, then the supervisor or administrator may call a witness. The supervisor and/or administrator, and the witness then sign the statement which then is placed into the employee's file.

"2.    The District agrees that it is an employee's right under the law to inspect his or her personnel file. Upon the request of an employee the District agrees to remove all records five (5) years from the date of its entry."

_____

[1] ORS 243.672(1)(g) provides:

"(1) It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"* * * * *

"(g) Violate the provisions of any written contract with respect to employment relations including an agreement to arbitrate or to accept the terms of the arbitration award, where previously the parties have agreed to accept such awards as final and binding upon them."

Petitioner has dropped the allegation that District also violated ORS 243.672(1)(e).

The basis of the unfair labor practice complaint is that the notes that Crawford kept about the employes were "personnel records."

The complaint alleged that Crawford and Diamond created and maintained secret files on the two employes' work performance and attitudes during the 1982-83 school year; that the files included critical observations and judgments about their work performance and attitude; that Crawford's letter of April 20, 1983, notifying the employes that he was recommending that they not be reemployed for the 1983-84 school year, gave their work performances and attitudes as grounds for their discharge; that the employes were subsequently informed that each was discharged effective June 11, 1983; that District began compilation of critical materials with the intent to use them at some later date in determining whether to discipline or discharge the employes; that it failed to advise the employes of critical observations and denied each an effective opportunity to rebut the observations with contemporary statements by them and witnesses before memories were dulled by time; and that the District's maintenance and use of critical materials and secret files on the employes violated Article III.

District argues that "personnel records" are "a file or record dealing with the history, background, education and employment evaluation of a particular individual." It urges, however, that the notes were a "personal diary" and not "personnel records," because they were part of notes that Crawford kept over a period of ten years, which covered a wide variety of job related problems and recorded his personal thoughts and observations:

> "The diary kept by Mr. Crawford contains unsegregated notes covering a wide variety of problems that he experienced in his job. They were not a part of the records maintained by the school district and were not shown to his supervisor until copies had been demanded by attorneys representing former employees of the district. These notes were never intended to be shown to anyone or used in any action or proceeding involving these or any other teachers and were never so used."

The agreement does not define the term "personnel records." Its meaning is a question of law for the court to determine, giving effect to the intention of the parties. *See*

ORS 42.230; ORS 42.240; *Oregon City Fed. of Teachers v. OSEA,* 36 Or App 27, 584 P2d 303 (1978). We may reverse ERB if its interpretation is erroneous as a matter of law. ORS 183.482(8)(a).

ERB concluded that the notes were not personnel records. It stated:

> "The gravamen of OSEA's position is that Article III should be read to require that *any* documents or notes critical of a bargaining unit employe's performance which are kept *anywhere* by school officials are subject to the requirements of Article III. The language of Article III simply does not support such a contention." (Emphasis in original.)

It is not necessary, however, to decide that *any and all* documents or notes critical of an employe's performance which are kept *anywhere* by school officials are subject to the requirements of Article III. We assume that a supervisor may frequently make a "personal note" regarding a problem which he feels must be dealt with and that that note is not a "personnel record." We need to decide only whether the notes that Crawford kept were "personnel records" within the meaning of Article III.

ERB reasoned that the notes were not "personnel records," because:

> "Article III does not purport to limit or govern the matter of which documents can be *used against* an employee in disciplinary actions. The entire focus of Article III is upon allowing an employe to be aware of what is in his or her personnel file (thus Article III also provides for an employe right to inspect the file) and allowing employes to go on record as denying or disputing critical remarks contained in personnel files. The Article further allows employes to minimize the amount of potentially adverse material contained in personnel files by requiring removal of all records after a five-year period." (Emphasis in original.)[2]

---

[2] ERB also stated:

"The collective bargaining agreement involved in the instant case contains no restriction whatsoever upon the use of critical materials. Moreover, there is no evidence in the record to indicate that Crawford's notes were used against Merrill and Steward. On the contrary, the evidence shows that the documents were virtually ignored by all concerned until questions about them were raised by OSEA long after the terminations took place."

ERB was correct in holding that the focus of Article III is on disclosure to the employe and an opportunity to inspect documents and respond. It was not correct in requiring "use" of the notes. The issue is not whether petitioner proved that District made use of the notes, but rather whether they are "personnel records".

As they relate to Merrill and Steward, Crawford's notes are "personnel records." They constitute "employment evaluations of particular individuals." They contain information bearing on the job performance and attitude of Merrill and Steward, information that was pertinent to Crawford's letter of termination. When a supervisor responsible for evaluating the job performance of an employe keeps notes over a period of nearly eight months in which he records the job performance and attitude of the employe, the notes are "personnel records."

OSEA sought several remedies, including a cease and desist order. We remand to ERB for determination of the appropriate remedy in the light of this opinion. ORS 183.482(8)(a)(B).

Reversed and remanded for proceedings not inconsistent with this opinion.